IN THE UNITED STATES DISTRICT COURT        FILED
FOR THE WESTERN DISTRICT OF TEXAS 2014 APR -3  AM 9: 28
AUSTIN DIVISION

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY

JENNIFER ROBUCK,
                    **Plaintiff,**

-vs-                                              **Case No.  A-13-CA-516-SS**

BANK OF AMERICA, N.A.,
                    **Defendant.**

_____

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Defendant Bank of America, N.A.'s Motion for Summary Judgment [#16], Plaintiff Jennifer Robuck's Corrected Response [#20], and Bank of America's Reply [#21]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders GRANTING the motion for summary judgment in favor of Bank of America.

### Background

This is a lawsuit filed to prevent or delay a foreclosure, though Robuck's Amended Complaint alleges no substantive causes of action and does not allege any facts from which Bank of America's authority to conduct the foreclosure could be questioned. Instead, Robuck seeks only declaratory relief. Specifically, Robuck seeks declarations of the following: (1) identification of "which documents control the lender/borrower relationship" between the parties; (2) the amount owed on the mortgage; (3) "that the Property . . . constitutes one legal lot under the laws and regulations of the City of Austin, and that any foreclosure . . . would result in the Property becoming

two illegal lots"; and (4) alternatively, that Bank of America's lien is invalid under the Texas Constitution.

At issue is the real property located at 1808 West 6th Street, Austin, Texas 78703. The lot on which the property sits is apparently a single lot containing two different properties. The second property bears the address 1806 West 6th Street. On February 5, 2004, Robuck executed a Note and Deed of Trust in favor of Countrywide Home Loans, Inc. d/b/a America's Wholesale Lender creating a lien on the 1808 property. The 1806 portion of the lot is allegedly owned free and clear by Robuck, and is not encumbered by the Note or Deed of Trust. The Deed of Trust names Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary and nominee for the lender.

Effective December 11, 2009, MERS assigned the Deed of Trust to The Bank of New York Mellon, as trustee for the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2004-3. Effective December 3, 2012, The Bank of New York Mellon assigned the Deed of Trust to The Bank of New York Mellon, as Trustee for the Benefit of the Certificateholders CWABS, Inc., Asset-Backed Certificates, Series 2004-3. Bank of America is the current loan servicer.[1]

Robuck apparently obtained a loan modification in 2007, after falling behind on payments. Despite the modification, Robuck defaulted in 2008. Her last payment of any kind was made on July 30, 2008, for her April 2008 payment.[2] Bank of America sent its first Notice of Default on July 31, 2008. Bank of America sent Robuck a Notice of Acceleration on January 7, 2010. Robuck sought

---

[1] Robuck's Amended Complaint admits Bank of America currently owns the mortgage. Am. Compl. [#14] ¶ 8 ("The Equity Lien . . . is now owned by Bank of America, N.A."). From the evidence, however, it appears The Bank of New York owns the mortgage, and Bank of America is the mortgage servicer. Either an owner (mortgagee) or a mortgage servicer may foreclose under Texas law. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013).

[2] Robuck has thus maintained possession of the property without any payment for nearly six full years.

another modification in 2011, but failed to make the required trial period payments and was therefore denied the modification.

Robuck's failure to make any payments since 2008 resulted in the accrual of a significant negative escrow amount as a result of Bank of America's contractually authorized payment of Robuck's property taxes. Although the two properties bear different addresses, they are taxed as a single unit by the Travis County Tax Assessor. In order to avoid losing the secured portion of the property to a tax lien or foreclosure, Bank of America paid the entire amount of the property taxes assessed on the lot, even though the Deed of Trust only encumbers one of the two properties. Robuck also incurred significant escrow fees as a result of Bank of America's contractually authorized payment of Robuck's property insurance policies, which were billed directly to Bank of America by Robuck's chosen insurance carrier.

Foreclosure proceedings were finally initiated in late 2012, and a substitute trustee was appointed in March 2013. Those proceedings were halted by the filing of this lawsuit in Texas state court. Bank of America removed the case to this Court on the basis of diversity jurisdiction. Bank of America now moves for summary judgment.

## Analysis

### I.    Legal Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could

return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element

essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II.   Application

In her Amended Complaint, Robuck seeks four declarations regarding her obligations with respect to her mortgage. "The Texas Declaratory Judgment Act, like the federal Declaratory Judgment Act, is remedial only and 'does not create any substantive rights or causes of action.'" *Cheaton v. JPMorgan Chase Bank, Nat'l Ass'n*, No. H-11-1777, 2012 WL 298533, at *2 (S.D. Tex. Feb. 1, 2012) (quoting *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.*, 99 F.3d 746, 752 n.3 (5th Cir. 1996)). Because of this, Texas courts routinely dismiss declaratory judgment claims when those claims are not remedies for some other, substantive cause of action. *See, e.g., W & L Ventures, Inc. v. E. W. Bank*, No. H-13-00754, 2014 WL 1248157, at *9 (S.D. Tex. Mar. 26, 2014) ("A declaratory judgment claim cannot stand alone; instead, the Texas Uniform Declaratory Judgments Act is merely a procedural device; it does not create any substantive rights or causes of action." (internal quotation marks omitted)); *O'Neill v. CitiMortgage, Inc.*, No. 4:13-CV-656-0, 2014 WL 1199338, at *4 (N.D. Tex. Mar. 24, 2014) ("The federal Declaratory Judgment Act does not create a substantive cause of action. A Declaratory Judgment Action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." (internal quotations and citation omitted)). Because Robuck has alleged no substantive causes of action—for example, wrongful foreclosure, breach of contract, or quiet title—Bank of America is entitled to summary judgment on her freestanding requests for declaratory relief as a matter of law. Alternatively, the Court will address Robuck's requests under the assumption they are tied to some implicit, unpleaded substantive count such as breach of contract.

-5-

Robuck's first request is for an identification of which documents control the parties' relationship. Robuck apparently believes Bank of America improperly proceeded with a foreclosure action without providing the state court with documentation reflecting the parties' 2007 loan modification agreement. Bank of America concedes Robuck "was approved for a loan modification in June 2007, and did make some payments" pursuant to the modification. Def.'s Reply [#21], at 2. The 2007 loan modification agreement itself states it "amends and supplements" the original Deed of Trust, and still obligates Robuck to make monthly payments and pay off the Note in full by a certain date. Pl.'s Resp. [#20-1], Ex. B. There is no dispute Robuck defaulted under both the original Note and Deed of Trust and the 2007 loan modification agreement when she ceased making payments in 2008. The parties thus appear to agree about which documents govern their relationship. As there is no dispute between the parties, there is no need for a declaration from the Court and Bank of America is entitled to summary judgment on this claim.[3]

Robuck's second declaration seeks an accounting of the amount currently owed on the mortgage. To survive summary judgment, Robuck must identify specific factual disputes showing the amount proffered by Bank of America is incorrect.[4] In what Bank of America construes as a

---

[3] Robuck may have intended this (or some other) declaratory relief request to relate to a "lack of standing to foreclose" argument raised for the first time in her Response. Raising an argument in a response to a summary judgment motion fails to place the issue before the Court. *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005) ("A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court."). Regardless, the Court notes Robuck lacks standing to challenge the facially valid assignment of the Deed of Trust to The Bank of New York Mellon. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013) ("[U]nder Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor."). Alternatively, the undisputed summary judgment evidence establishes MERS was named in the Deed of Trust as the lender's nominee, and therefore had the authority to assign the Deed of Trust. *See Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 342 (5th Cir. 2013) ("Our holding in *Martins* [*v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013)] permits MERS and its assigns to bring foreclosure actions under the Texas Property Code.").

[4] The specific amount owed constantly changes, as Robuck's continued refusal to make any payments results in additional fees, interest, and other charges being added to the outstanding total.

breach of contract style claim, Robuck suggests two particular areas of disagreements: (1) Bank of America wrongfully charged Robuck for taxes attributable to the 1806 property, not the 1808 property; and (2) Bank of America wrongfully charged Robuck for insurance premiums. Neither of Robuck's arguments is supported by the evidence.[5]

Robuck first complains that Bank of America improperly paid property taxes for the entire lot—in other words, for both properties—and deducted that amount from Robuck's escrow account even though Bank of America's lien only encumbers one of the two properties. Bank of America argues it was required to pay taxes for the entire lot because the Travis County Tax Assessor taxes the lot as a single unit. The summary judgment record confirms what Robuck alleges in her Amended Complaint: "The Property is taxed by various governmental entities as one parcel of land." Am. Compl. [#14] ¶¶ 6, 31; Mot. Summ. J. [#16-14], Ex. A-13 (Travis County Tax Statement); Pl.'s Resp. [#20-2] (Tax Certificate). Because the property is taxed as a single unit, Bank of America is required to pay the full tax amount to prevent Travis County from encumbering the entire lot with a tax lien superior in position to Bank of America's Deed of Trust lien. Robuck, as owner of the property, could have protested the assessment of the lot as a single unit—she did not do so, and thus forfeited any right to judicial review of the tax assessment. *See Escamilla v. City of Laredo*, 9 S.W.3d 416, 422 (Tex. App.—San Antonio 1999, pet. denied) (citing TEX. TAX CODE §§ 41.41, 42.09). Bank of America had no ability to challenge Travis County's tax assessment on Robuck's

---

[5] Raising yet another issue for the first time in her Response, Robuck also suggests Bank of America may have misapplied portions of a $12,850 payment made in connection with the 2007 loan modification. Robuck's Amended Complaint says nothing about misapplied payments, and therefore fails to properly raise this issue. *See Cutrera*, 429 F.3d at 113. Regardless, attorney argument questioning Bank of America's application of the funds is insufficient to create a genuine dispute as to any material fact. Robuck provides no evidence suggesting Bank of America wrongly applied her payment; provides no evidence suggesting the payment should have been applied differently; and provides no evidence indicating any misapplication had any material impact on her default.

behalf. Moreover, because the Deed of Trust obligates Robuck to either pay or contest (in good faith) any tax obligations which might jeopardize Bank of America's security interest in the property, Bank of America was entitled to pay Robuck's property taxes when Robuck breached the Deed of Trust by failing to do so herself. *See Townsend v. BAC Home Loans Servicing, LP*, 783 F. Supp. 2d 968, 971 (S.D. Tex. 2011) (dismissing breach of contract claim based on mortgage servicer's payment of property taxes).

Robuck also complains Bank of America improperly charged her for hazard insurance on the property. There is no dispute the Deed of Trust requires Robuck to provide proof of such insurance, and authorizes Bank of America to force-place such insurance at Robuck's expense if proof is not provided. The summary judgment evidence shows Bank of America briefly placed insurance on the property in 2005, after Robuck failed to provide timely proof of her own insurance, but promptly removed the policy at no cost to Robuck once Robuck supplied proof of coverage. Mot. Summ. J. [#16-19], Ex. A-18. Robuck also suggests Bank of America paid for insurance coverage of the 1806 property even though the 1806 property is not secured by the Deed of Trust. However, the summary judgment evidence establishes Bank of America was direct-billed by Robuck's insurance carrier of choice for coverage roughly securing only the value of the 1808 property. *Id.* [#16-20], Ex. A-19. Bank of America is therefore entitled to summary judgment on any claim it breached the Deed of Trust by paying unauthorized expenses from Robuck's escrow account, as well as any declaratory relief stemming from such a claim.[6]

---

[6] To the extent Robuck complains Bank of America has not provided an accurate amount owed and thus frustrated her ability to cure her default—despite providing no evidence any figure given by Bank of America was incorrect—the record is devoid of any evidence Robuck was, is, or could be capable of paying the full outstanding balance on her accelerated Note. Robuck was provided opportunities to cure her default in 2008, again in connection with her 2010 notice of acceleration, and again in connection with her 2011 loan modification attempt. Because the undisputed evidence shows Robuck has not even attempted to make a single payment in nearly six years, any argument

Robuck's third declaration seeks an advisory opinion on the effect Bank of America's future foreclosure and potential partition of the lot may have under provisions of the Austin City Code or Texas Local Government Code. There is no evidence Bank of America is attempting to partition the lot. Bank of America is attempting to foreclose on its Deed of Trust lien. Any future collateral consequences a later resale or partition may have are for future courts to decide in future cases, and do not present a ripe controversy between these parties. Bank of America is entitled to summary judgment on this claim.

Robuck's fourth declaration seeks a declaration Bank of America's lien was created in violation of the Texas Constitution. It is apparent from the face of Robuck's Amended Complaint any such claim regarding Robuck's 2004 lien is time-barred. *See Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 674–75 (5th Cir. 2013) (holding four-year limitations period applies to claims under Texas Constitution's home equity provisions, and such claims accrue from the date the lien is created). Bank of America is entitled to summary judgment on this claim.

## Conclusion

Bank of America has shown there are no disputes as to any material facts on this record, and Bank of America is entitled to summary judgment on Robuck's claims. Accordingly,

IT IS ORDERED that Defendant Bank of America, N.A.'s Motion for Summary Judgment [#16] is GRANTED.

SIGNED this the 2ⁿᵈ day of April 2014.

SAM SPARKS
UNITED STATES DISTRICT JUDGE

---

she is now in a position to cure, absent specific summary judgment evidence proving as much, is frivolous.